UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RAZOOKY FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>OKLEVUEHA NATIVE INDIAN CHURCH OF SACRAMENTAL HEALING, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01162-GPC-BGS<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On June 9, 2017, Defendant Oklevueha Native Indian Church of Sacramental Healing, Inc. ("Defendant") filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. (Dkt. No. 1.) Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* **REMANDS** the action to state court.

## DISCUSSION

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541

(1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A review of the state court summons and complaint in this case shows that Plaintiff alleges a unlawful detainer claim under California state law. (Dkt. No. 1 at 8–44.)

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In its notice of removal, Defendant alleges that this Court has jurisdiction over the action. (Dkt. No. 1 at 2–4.) Defendant first contends that it is a "Sovereign Nation," and that the litigation violates Defendant's civil rights. (Dkt. No. 1 at 2 ¶ 2.) Defendant next contends that Plaintiff lacks the legal authority under Cal. Civ. Proc. Code §§ 1161, 1166,

and 1179(a) to initiate an unlawful detainer action in state court because these sections of the California Code of Civil Procedure violate the Equal Protection Clause of the United States and the California Constitution. (Dkt. No. 1 at 2–3, ¶¶ 5–8.) Without alleging any information about Defendant's citizenship, Defendant merely avers that Plaintiff is a "private party in the Southern District of California," and that the underlying value of the real property at issue exceeds $75,000. (Dkt. No. 1 at 2, 4, ¶¶ 4, 11.)

Defendant's alleged federal "claim" is actually a defense or counterclaim against Plaintiff. Defenses and counterclaims, however, are not considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Nor does Defendant, which appears to be a *church*, provide any information substantiating its claim that it is a federally recognized tribe or "Sovereign Nation." *C.f Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 833 (9th Cir. 2012) (observing that the church "has an estimated 500,000 national members in 100 branches throughout 24 states"). As such, Defendant's allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Finally, Defendant's attempt to allege diversity jurisdiction is defective. Defendant provides no information about the citizenship of Plaintiff's trustee or trustees. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."). Defendant alleges no information about its own citizenship, but checked a box on the Civil Cover Sheet indicating that both Plaintiff and Defendant are incorporated or have their principal place of business in California. (Dkt. No. 1-1.) Even if Plaintiff and Defendant were both corporations (Plaintiff is apparently a trust), complete diversity appears to be lacking.

3

3:17-cv-01162-GPC-BGS

and 1179(a) to initiate an unlawful detainer action in state court because these sections of the California Code of Civil Procedure violate the Equal Protection Clause of the United States and the California Constitution. (Dkt. No. 1 at 2–3, ¶¶ 5–8.) Without alleging any information about Defendant's citizenship, Defendant merely avers that Plaintiff is a "private party in the Southern District of California," and that the underlying value of the real property at issue exceeds $75,000. (Dkt. No. 1 at 2, 4, ¶¶ 4, 11.)

Defendant's alleged federal "claim" is actually a defense or counterclaim against Plaintiff. Defenses and counterclaims, however, are not considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Nor does Defendant, which appears to be a *church*, provide any information substantiating its claim that it is a federally recognized tribe or "Sovereign Nation." *C.f Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 833 (9th Cir. 2012) (observing that the church "has an estimated 500,000 national members in 100 branches throughout 24 states"). As such, Defendant's allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Finally, Defendant's attempt to allege diversity jurisdiction is defective. Defendant provides no information about the citizenship of Plaintiff's trustee or trustees. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."). Defendant alleges no information about its own citizenship, but checked a box on the Civil Cover Sheet indicating that both Plaintiff and Defendant are incorporated or have their principal place of business in California. (Dkt. No. 1-1.) Even if Plaintiff and Defendant were both corporations (Plaintiff is apparently a trust), complete diversity appears to be lacking.

Moreover, it is clear from the face of Plaintiff's Complaint that the amount in controversy "exceeds $10,000 but does not exceed $25,000." (Dkt. No. 1 at 12.) In its own Answer, Defendant checked a box that carries the explicit instruction: "Do not check this box if the complaint demands more than $1000." (Dkt. No. 2 at 1.) Accordingly, Defendant's allegations do not establish diversity jurisdiction under 28 U.S.C. § 1332 either.

Defendants have not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the above, the Court *sua sponte* **REMANDS** the action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED.**

Dated: June 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge